**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4180
_____

KONG YUN WANG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073 560 830)
Immigration Judge:  Honorable Charles Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2013
Before:  FISHER, GARTH and ROTH[*], <u>Circuit Judges</u>

(Opinion filed: June 17, 2013)
_____

OPINION
_____

PER CURIAM

        Kong Yun Wang petitions for review of an order of the Board of Immigration

Appeals ("BIA" or "Board"), which denied his motion to reopen removal proceedings.

We will grant the petition for review and remand to the Board for further proceedings.[1]

_____

[*] Judge Roth dissents from the opinion and would not grant the Petition for Review.

Wang is a native and citizen of China. In 1995, he was placed in removal proceedings for having entered the country without inspection. Wang conceded removability, but sought asylum and related relief, claiming that he feared returning to China because he had violated its family planning policies. After a hearing, the Immigration Judge denied relief, and in May 2012, the BIA affirmed.

Wang then filed a timely motion with the BIA to reopen his removal proceedings based on a new asylum claim. According to Wang, he had recently begun practicing Falun Gong, and had also participated in protests and rallies in support of Falun Gong. He claimed that during a protest demonstration in Washington D.C., he spoke with visitors from China who later reported him to Chinese authorities. Wang also claimed that in July 2012, local village officials in his hometown went to his house, told his family that he had violated the law and would be punished, and issued a written notice to his brother, urging Wang to stop his Falun Gong practice in the United States and return to China for punishment. In support of his motion, Wang submitted, among other material: affidavits from himself, his wife, and another relative living in the U.S.; a "Notice from Lian Jiang County Guan Tou Town Shan Dou Villager Committee"; a statement from his brother in China; a news article from EpochTimes.com reporting on a 2012 rally in Washington D.C.; photographs of Wang participating in a Falun Gong

---

[1] Petition filed a motion for stay of removal which has been opposed by the respondent. Petitioner's motion for stay of removal is granted pending completion of the proceedings on remand.

demonstration; and a copy of the Department of State's 2007 Profile of Asylum Claims and Country Conditions for China.

The BIA denied Wang's motion on the ground that he had failed to make a prima facie showing that he was entitled to relief. The BIA noted that while the State Department's report indicates that Chinese citizens who practice or support Falun Gong in China may be subjected to harsh treatment, it did not suggest that the Chinese government attempts to suppress the practice or support of Falun Gong abroad. The Board further noted that the Village Committee Notice had not been authenticated, and in any event, it did not show a likelihood of persecution because it contained only vague threats of punishment, and there was no evidence that the Committee would have the authority to punish Wang. Finally, the Board found that the affidavits that Wang submitted were entitled only to limited weight because they were prepared by family members for the purpose of litigation. The Board also noted that Wang's brother's statement was not notarized or otherwise attested to. Wang, through counsel, filed a timely petition for review.

A motion to reopen must establish prima facie eligibility for relief, that is, a "reasonable likelihood" of establishing entitlement to relief, upon review of objective evidence accompanying the motion. Guo v. Ashcroft, 386 F.3d 556, 563 & n.7 (3d Cir. 2004). "For an asylum claim, this means merely showing a realistic chance that the petitioner can at a later time establish that asylum should be granted." Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007) (internal citations and quotations omitted). The

Board should accept facts presented in the motion to reopen as true unless they are inherently unbelievable. Id. While the Board may deny a motion to reopen as a matter of discretion even if a prima facie case is established, see 8 C.F.R. § 1003.2(a), when it denies a motion to reopen for failure to establish a prima facie case, we review the ultimate decision for an abuse of discretion, and we review the underlying factual findings to ensure they are supported by substantial evidence. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Having reviewed the motion to reopen and the accompanying evidence, we conclude that the Board's decision to deny the motion was an abuse of discretion. The Board did not credit the Village Committee statement because it was not authenticated; however, in light of the time constraints for filing a motion to reopen (within 90 days of the removal order, see 8 C.F.R. § 1003.2(c)(3)), we do not believe that lack of authentication renders the document "inherently unbelievable" for purposes of a motion to reopen.

The Board also discounted the probative value of the Notice because Wang had "not established that this local body has any authority to punish [him] for his activities in the United States." BIA decision at 2. But, as Wang notes, the State Department's 2007 Profile for Chinese asylum claims indicates that in 2001, as part of the Chinese government's anti-Falun Gong campaign, "[n]eighborhood committees [and other groups] were ordered to send all known practitioners to intensive anti-Falun Gong study sessions." A.R. 147. The Profile report goes on to say that those who did not recant their

4

beliefs "were sent to reeducation-through-labor camps, where in some cases beatings and torture were used to force them to recant." Id. The Profile also states that "[t]he government has continued to wage a severe campaign against Falun Gong, and thousands of individuals may still be undergoing criminal, administrative, and extra-judicial punishments for engaging in Falun Gong practices, admitting belief in Falun Gong, or simply refusing to recant their beliefs or condemn the movement," and that a United Nations report found that in March 2006 "Falun Gong practitioners comprised 66 percent of victims of alleged torture while in government custody." Id. at 146. Even though Wang's Falun Gong practice thus far has been in the United States, given this background, the BIA's finding that the Village Committee could not punish Wang upon his return to China is unsupported by the record.

We hold that the BIA abused its discretion by discounting Wang's documents out of hand, without properly considering them in the context of the submitted Profile report. While we express no opinion as to the merit of Wang's motion to reopen, we conclude that Wang's motion to reopen established a "realistic chance" that he would be able to establish eligibility for asylum at a later time.

For the foregoing reasons, we will grant the petition for review and remand the proceeding so that the Board can consider Wang's motion to reopen on the merits.